Nicholas J. Neidzwski, OSB # 172584
Anderson Carey Williams & Neidzwski
21 Bellwether Way, Suite 104
Bellingham, WA 98225
Telephone:    (360) 671-6711
Fax:          (360) 647-2943
Email:        nick@boatlaw.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICOLE CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PAUL WADDELL AND SHERRY LYNN KASPER SUCCESSOR TRUSTEES OF THE WADDELL LIVING TRUST, and WADDELL AND KASPER CHARTERS, LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR PERSONAL INJURY**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Nicole Cunningham ("Plaintiff" or "Mrs. Cunningham"), by and through

the undersigned counsel, alleges as follows:

1.      This is a maritime negligence action.  Jurisdiction is conferred upon this

District Court pursuant to 28 U.S.C. § 1332.  There exists complete diversity between the

COMPLAINT
Page 1 of 6

parties and the amount in controversy exceeds $75,000.  While the matter is also cognizable in admiralty pursuant to 28 U.S.C. § 1333, Plaintiff elects to proceed with a jury and does not designate the matter as in admiralty under Federal Rule of Civil Procedure 9(h).

2.      Plaintiff Nicole Cunningham is a citizen of the State of Washington, residing in Lincoln County, Washington.

3.      Defendant Robert Paul Waddell, as successor trustee of the Waddell Living Trust, is a citizen of Oregon, residing at 409 NW 57th Street, Newport, Lincoln County, Oregon.

4.      Defendant Sherry Kasper, as successor trustee of the Waddell Living Trust, is a citizen of Oregon, residing at 921 SW Alder Street, Newport, Lincoln County, Oregon.

5.      Defendant Waddell and Kasper Charters, LLC, is an Oregon limited liability company with its principal place of business located at 921 SW Alder Street, Newport, Lincoln County, Oregon.  The two members of Waddell and Kasper Charters, LLC, Robert Paul Waddell and Sherry Kasper, are both citizens of Lincoln County, Oregon.

6.      At all material times, Defendants were in the business of offering fishing trips to the public aboard their fleet of passenger vessels out of Newport, Oregon.

7.      At all material times, Defendants owned, operated, chartered and/or controlled the vessel SEA VENTURE I, official number 549137, an inspected passenger vessel.

COMPLAINT
Page 2 of 6

8.      At all material times, the captain and mate of the SEA VENTURE I were acting within the course and scope of their employment with Defendants.

9.      At all material times, Defendants are liable as respondent superior for the actions and omissions of their employees, including, but not limited to, the captain and mate of the SEA VENTURE I.

10.     At all material times, Mrs. Cunningham was aboard the SEA VENTURE I as a passenger for hire within the meaning of 46 U.S.C § 2101(30).

11.     On or about May 31, 2019, Mrs. Cunningham boarded the SEA VENTURE I with a dozen other passengers for a day of offshore fishing for halibut.

12.     On that day, the SEA VENTURE I was crewed by a captain and mate.

13.     Over the next five or six hours, Mrs. Cunningham and the other passengers each caught their limit of halibut.  Instead of heading back to shore, the captain and mate wanted to catch their limit of halibut, so they kept fishing.

14.     While Mrs. Cunningham was positioned on the bow of the vessel, the captain unexpectedly accelerated the vessel into a large wave.  The impact propelled the passengers, including Mrs. Cunningham, into the air and they all crashed down onto the deck.

15.     The fall caused Mrs. Cunningham to severely injure her left knee, suffering torn ligaments and a broken bone.

16.     Despite Mrs. Cunningham's obvious pain and suffering and notification of her injuries, the captain and mate of the SEA VENTURE I continued fishing until they

COMPLAINT
Page 3 of 6

caught their limit of halibut.  The captain and crew did not offer medical treatment before returning to shore over two hours after Mrs. Cunningham suffered injury.

17.    Defendants owed all passengers aboard the SEA VENTURE I, including Plaintiff, a duty of reasonable care under the circumstances.  Under the general maritime law, the degree of care considered reasonable in a particular circumstance depends upon the extent to which the circumstances surrounding maritime travel are different from those encountered in daily life and involve more danger to the passenger.  Defendants owed Plaintiff a high degree of care to prevent Plaintiff from suffering injury.

18.    Defendants are liable for their own acts and omissions, as well as those of their employees, captain and crew.

19.     At the time and place in question, Defendants were negligent in one or more of the following particulars:

a.    In operating the vessel in such a way as to cause passengers to be propelled into the air;

b.    In operating the vessel in a way which was likely to cause injury to passengers;

c.    In failing to keep the vessel under proper control;

d.    In failing to keep a proper lookout in violation of ORS 830.335;

e.    In operating the vessel unsafely in violation of ORS 830.305;

f.    In failing to warn passengers of the impending rough passage over the large wave;

COMPLAINT
Page 4 of 6

**ANDERSON CAREY WILLIAMS & NEIDZWSKI**
21 Bellwether Way, Suite 104
Bellingham, Washington  98225
(360) 671-6711  -  Fax (360) 647-2943

g.    In failing to maneuver the vessel in a manner to safely cross the wave;

h.    In failing to provide adequately trained and competent officers and/or crew;

i.    In failing to train the captain and mate in the safe operation of the vessel;

j.    In failing to promulgate and/or enforce policies that could have prevented Plaintiff's injuries;

k.    In failing to have an adequate medical kit aboard the vessel;

l.    In failing to furnish timely medical treatment; and

m.    By committing other negligent acts or omissions to be discovered.

20.    As a direct and proximate result of Defendants' careless and/or negligent acts and/or omissions and said incident, Plaintiff was hurt and injured in her health, strength, and activity, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering, and Plaintiff alleges upon information and belief that said injuries will result in some permanent disability to Plaintiff, all to her general damage according to proof.

21.    As a further direct and proximate result of Defendants' careless and/or negligent acts and/or omissions and said incident, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges upon information and belief that she may require such services in the future.  The cost and reasonable value of the health care

COMPLAINT
Page 5 of 6

services received and to be received by Plaintiff is presently unknown to her, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

22.     As a further direct and proximate result of Defendants' careless and/or negligent acts and/or omissions and said incident, Plaintiff has suffered and will continue to suffer loss of income in a presently unascertained sum, and Plaintiff prays leave to insert the elements of damage in this respect when the same are finally determined.

WHEREFORE, Plaintiff Nicole Cunningham prays for judgment against Defendants as follows:

1.     For her general damages according to proof;

2.     For all expenses for health care providers according to proof;

3.     For all loss of income past and future according to proof;

4.     For prejudgment interest according to maritime law;

5.     For Plaintiff's costs of suit incurred herein; and

6.     For such other and further relief as this District Court deems just and fair.

DATED this 7th day of February 2020.

ANDERSON CAREY WILLIAMS & NEIDZWSKI
Attorneys for Plaintiff

Nicholas J. Neidzwski, OSB # 172584

## JURY DEMAND

Plaintiff demands trial by jury of all issues in this cause.

COMPLAINT
Page 6 of 6